## HECK CREMER v. STATE.

No. A-6340.  Opinion Filed July 28, 1928.
Rehearing Denied Aug. 25, 1928.

(269 Pac. 507.)

Bridges, Vertrees & Ivy, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Jefferson county on a charge of having possession of intoxicating liquor for the purpose of selling, giving away, and otherwise disposing of the same in violation of the prohibitory liquor laws, was sentenced to 90 days' imprisonment and to pay a fine of $150, perfected the record, and has appealed to this court.

The testimony in substance shows that the defendant was living at a house on lot 15, block 59, in the city of Ryan, Jefferson county, Okla.; that a man by the name of

George Walters had the house rented; a search warrant was issued to search the premises and the sheriff and other parties went and searched the house and found the defendant in bed in one of the rooms of the house asleep; they roused him up and in the room in which he was asleep found 1½ gallons of whisky, some empty bottles, and a number of other articles.

The testimony on behalf of the defendant admits that he was in the room asleep and shows it was not in the room he had rented from George Walters, but that he went to a dance and returned home late, and his bed was all torn up, and he went to sleep in this bed; that he knew nothing about the whisky being in the room, did not own it, and had nothing to do with it; that he rented his room from George Walters, paying $3 per month for the room, and furnished his own bed. George Walters was not called as a witness. This is all the testimony that it is deemed necessary to set out in the record.

The defendant has assigned five errors alleged to have been committed by the court in the trial of his case, all of which may be properly treated together. The record discloses that the defendant filed a motion for a new trial, but he fails to allege that as one of the errors committed by the court. This court has carefully examined the record and errors assigned to see whether there is any merit therein.

A careful examination of the record clearly shows that the evidence is sufficient to sustain the verdict of the jury, and that the court properly declared the law; that there were no errors occurring during the trial sufficiently prejudicial to the rights of the defendant to warrant the court in reversing this case. This court has repeatedly held that, where the evidence is conflicting, it is the province of the jury to determine whom to believe and whom to disbelieve. The weight of the evidence and credibility of the witnesses are for the jury.

Finding no error in the record prejudicial to the rights of the defendant, the judgment and sentence are affirmed.

DOYLE, P. J., and EDWARDS, J., concur.